**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **VERSATA SOFTWARE, INC., f/k/a** § | | |
| **TRILOGY SOFTWARE, INC.; and** § | | |
| **VERSATA DEVELOPMENT GROUP,** § | | |
| **INC., f/k/a TRILOGY DEVELOPMENT** § | | |
| **GROUP, INC.,** § | **CIVIL ACTION** | |
| § | **NO. 2:08-CV-313-TJW-CE** | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | **JURY TRIAL DEMANDED** | |
| § | | |
| **INTERNET BRANDS, INC., f/k/a** § | | |
| **CARSDIRECT.COM, INC.,** § | | |
| **AUTODATA SOLUTIONS COMPANY,** § | | |
| **and AUTODATA SOLUTIONS, INC.,** § | | |
| § | | |
| **Defendants.** § | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
IN THE ALTERNATIVE TO TRANSFER VENUE (DKT. NO. 43)**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND..........................................................................................2

III. ARGUMENT...................................................................................................................3

    A. Transfer Would Only Be Appropriate If Defendants Had Demonstrated That the Western District of Texas Is Clearly More Convenient. ..........................3

    B. Defendants Have Not Demonstrated That the Western District of Texas Is Clearly More Convenient..........................................................................................4

        1. The public-interest factors counsel against transfer....................................4

            a) The court-congestion factor counsels against transfer....................5

            b) Judicial-economy considerations counsel against transfer. .............6

            c) The remaining public-interest factors are neutral. ..........................7

        2. The private-interest factors counsel against transfer. .................................8

            a) The sources-of-proof factor counsels against transfer.....................9

            b) The cost-of-witnesses factor counsels against transfer..................11

            c) The remaining private-interest factors are neutral. ........................14

IV. CONCLUSION..............................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Austin v. Johns-Manville Corp.*,
   524 F. Supp. 1166 (E.D. Pa. 1981) ....................................................................................... 6

*Can-Base Productions, Ltd. v. Portrait Records*,
   445 F. Supp. 777 (S.D.N.Y. 1978) ....................................................................................... 6

*Cummings v. Sunrise Med. HHG, Inc.*, No. 2:07-CV-189-TJW,
   2007 U.S. Dist. LEXIS 84961 (E.D. Tex. Nov. 16, 2007) .................................... 9, 10, 12, 13

*Dow Jones & Co. v. Board of Trade*,
   539 F. Supp. 190 (S.D.N.Y. 1982) ....................................................................................... 6

*E. I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*,
   522 F. Supp. 588 (D. Del. 1981) .......................................................................................... 6

*Hyatt Int'l Corp. v. Coco*,
   302 F.3d 707 (7th Cir. 2002) ...................................................................................... 9, 10, 12

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ............................................................................................ 8

*In re Volkswagen*,
   371 F.3d ................................................................................................................................ 13

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................... 4, 5, 8, 13

*Invitrogen Corp. v. Gen'l Elec. Co.*, No. 6:08-CV-112-JDL,
   2009 U.S. Dist. LEXIS 9127 (E.D. Tex. Feb. 9, 2009) .............................................. 4, 7, 10

*J2 Global Communs. Inc. v. Protus IP Solutions, Inc.*, No. 6:08-CV-211-JDL,
   2009 U.S. Dist. LEXIS 13210 (E.D. Tex. Feb. 19, 2009) ...................................... 8, 10, 12, 14

*Magnavox Co. v. APF Electronics, Inc.*,
   496 F. Supp. 29 (N.D. Ill. 1980) .......................................................................................... 6

*Maxlow v. Leighton*,
   325 F. Supp. 913 (E.D. Pa. 1971) ........................................................................................ 6

*MHL TEK, LLC v. Nissan Motor Co.*, No. 2:07-CV-289-TJW,
   2009 U.S. Dist. LEXIS 13676 (E.D. Tex. Feb. 23, 2009) ............................................ passim

*Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc.*, No. 2:07-CV-507-DF,
    2009 U.S. Dist. LEXIS 14656 (E.D. Tex. Feb. 3, 2009) .................................................3, 5, 11

*Odom v. Microsoft Corp.*, No. 6:08-CV-331-JDL,
    2009 U.S. Dist. LEXIS 9835 (E.D. Tex. Jan. 30, 2009) ..............................................10, 11, 12

*Pesin v. Goldman, Sachs & Co.*,
    397 F. Supp. 392 (S.D.N.Y. 1975)......................................................................................6

*Pulido v. Gen'l Motors Corp.*, No. 2:08-CV-245-TJW,
    2008 U.S. Dist. LEXIS 99964 (E.D. Tex. Dec. 11, 2008)....................................10, 11, 12, 13

*Regents of Univ. of Cal. v. Eli Lilly & Co.*,
    119 F.3d 1559 (Fed. Cir. 1997).........................................................................................4, 7

*Reiffin v. Microsoft Corp.*,
    104 F. Supp. 2d 48 (D.D.C. 2000) .....................................................................................7

*Sanofi-Aventis Deutschland GmbH v. Genentech, Inc.*, No. 9:08-CV-203-RC,
    2009 U.S. Dist. LEXIS 22108 (E.D. Tex. Mar. 19, 2009)...................................................5, 14

*U.S. Ship Mgmt. v. Maersk Line, Ltd.*,
    357 F. Supp. 2d 924 (E.D. Va. 2005) ................................................................................6

*VCode Holdings, Inc. v. Cognex Corp.*, No. 2:07-CV-138-LED,
    2007 U.S. Dist. LEXIS 56672 (E.D. Tex. Aug. 3, 2007) ...............................................9, 10, 12

*Williams v. Toyota Motor Corp.*, No. 2:07-CV-442-TJW,
    2008 U.S. Dist. LEXIS 99367 (E.D. Tex. Dec. 9, 2008).........................................9, 10, 12, 13


**STATUTES**

28 U.S.C. § 1404(a) ....................................................................................................1, 3, 8, 10, 11


**OTHER AUTHORITIES**

TRAVEL DISTANCE BETWEEN CITIES, AIRPORTS, AND COUNTRIES,
    http://www.convertunits.com/distance/ (last visited Apr. 17, 2009) ........................................11

Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively, "Versata") file this response in opposition to the motion in the alternative to transfer venue filed by Defendants Internet Brands, Inc., Autodata Solutions Company, and Autodata Solutions, Inc. (collectively, "Defendants").  (Dkt. No. 43.)

## I.	INTRODUCTION

Defendants' alternative motion offers two principal arguments for transferring this action from the Eastern District to the Western District of Texas.  First, Defendants assert that judicial economy favors transfer because Versata settled a suit with Defendants in the Western District of Texas some eight years ago.  (*Id* at 3-4.)  Second, they suggest that the parties' convenience favors transfer because, although Versata chose to file this and other actions in the Eastern District of Texas, Versata's offices are in the Western District.  (*Id.* at 6-9.)  Both of Defendants' principal arguments are without merit.

Judicial economy in fact counsels strongly against transfer because—in contrast with any court in the Western District—this Court has substantial familiarity with three of the patents-in-suit, having issued a *Markman* Order construing those patents in another of Versata's cases in December 2005.  The parties' convenience also counsels against transfer because, while Versata's offices are in the Western District, Versata conceded that it finds litigation in the Eastern District convenient when it brought this and other recent patent-infringement suits here.  Further, the fact that Defendants' documents and witnesses are spread across the country and continent in three locations "remote to both the Western District of Texas and Eastern District of Texas," (*id.* at 6), prevents them from demonstrating that one Texas venue is clearly more convenient than another.  Because Defendants therefore cannot meet their burden under 28 U.S.C. § 1404(a), this motion in the alternative to transfer should be denied.

1

## II.     FACTUAL BACKGROUND

Plaintiffs are both Delaware corporations with a principal place of business in Austin, Texas. (Dkt. No. 7 at 1.) Defendants are Delaware and Nova Scotia companies with principal places of business in California and Michigan. In particular, Defendant Internet Brands is a Delaware corporation with a principal place of business in El Segundo, California; Defendant Autodata Solutions Company is a Nova Scotia, Canada corporation with a principal place of business in Troy, Michigan; and Defendant Autodata Solutions, Inc. is a Delaware corporation with a principal place of business in Troy, Michigan. (Dkt. No. 43 at 6.)

In October 1999, Versata sued Defendants in the Western District of Texas for, *inter alia*, infringement of U.S. Patent No. 5,825,651 (the "'651 patent"). (Dkt. No. 7 at 2.) Little substantive work was done by the court in that case—the protective order was filed as docket number 47, a revised scheduling order was filed as docket number 49, and a joint motion noting that the parties had agreed to settle their dispute was filed as docket number 50. (Thollander Decl., Ex. A.) The case was dismissed with the next docket entry in May 2001. (*Id.*)

In the following years, Versata brought patent-infringement suits against other defendants in the Eastern District of Texas. Of particular importance to this motion, in April 2004 Versata sued Selectica, Inc. in this District for, *inter alia*, infringement of the '651 patent and of U.S. Patent Nos. 6,405,308 (the "'308 patent") and 6,675,294 (the "'294 patent"). (*See* Thollander Decl., Exs. B and C.) Much substantive work was done by the Court in that case, including the issuance of an opinion in December 2005 construing the claims of Versata's '651, '308, and '294 patents. (*Id.*, Ex. D.) The parties settled that dispute shortly thereafter, in January 2006. (*Id.*, Ex. B.)

In August 2008, Versata brought this suit against Defendants for, *inter alia*, breach of the 2001 settlement agreement and infringement of five patents. (Dkt. No. 7 at 5-11.) These five

patents-in-suit include the three '651, '308, and '294 patents that were before this Court in *Trilogy v. Selectica*. (Dkt. No. 7 at 5-11; Thollander Decl., Ex. C.) The California, Michigan, and Nova Scotia Defendants now move the Court to transfer venue under 28 U.S.C. § 1404(a) from the Eastern to the Western District of Texas.

## III. ARGUMENT

### A. Transfer Would Only Be Appropriate If Defendants Had Demonstrated That the Western District of Texas Is Clearly More Convenient.

Courts in this District recognize "a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particularized case." *Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc.*, No. 2:07-CV-507-DF, 2009 U.S. Dist. LEXIS 14656, at *4 (E.D. Tex. Feb. 3, 2009). Accordingly, one seeking transfer under 28 U.S.C. § 1404(a) bears the burden of showing "good cause," which is satisfied only "when the movant demonstrates that the transferee venue is clearly more convenient." *MHL TEK, LLC v. Nissan Motor Co.*, No. 2:07-CV-289-TJW, 2009 U.S. Dist. LEXIS 13676, at *13 (E.D. Tex. Feb. 23, 2009) (citation omitted).

In determining whether this standard has been met, courts consider a number of private- and public-interest factors. The private-interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at *13. The public-interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

3

*Id.* at *13-14. An additional public-interest consideration, which "is of particular importance and may be determinative" in patent cases, is the interest in promoting judicial economy when one court has become familiar with the patents-in-suit. *Invitrogen Corp. v. Gen'l Elec. Co.*, No. 6:08-CV-112-JDL, 2009 U.S. Dist. LEXIS 9127, at *11 (E.D. Tex. Feb. 9, 2009); *see also Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *33.

Of these many factors, Defendants offer arguments with respect to four—court congestion; judicial economy; access to sources of proof; and cost for willing witnesses. (Dkt. No. 43 at 3-10.) Defendants fail, however, to show that these factors "clearly demonstrate" that transfer to the Western District of Texas is necessary "for the convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). To the contrary, as explained below, consideration of these factors counsels against transferring this case.[1]

### B.  Defendants Have Not Demonstrated That the Western District of Texas Is Clearly More Convenient.

#### 1.  The public-interest factors counsel against transfer.

Defendants open their brief with two public-interest arguments: they allege that the time to trial is significantly shorter in the Western District of Texas; and they argue that judicial economy favors transfer because of the litigation between the parties that was settled in 2001. Neither argument has merit. In fact the time to trial in civil cases is virtually the same in the Western and Eastern Districts, and judicial economy favors retaining the case in this District,

---

[1] In addition to considering these private- and public-interest factors, a "preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen*, 545 F.3d at 312. While the motion to transfer should be denied for other reasons, Versata does not dispute that this action might have been brought in the Western District of Texas.

4

where three of the five patents-in-suit have already been subject to substantial scrutiny and claim construction.

### a) The court-congestion factor counsels against transfer.

Defendants' first argument is that court congestion favors transfer because "the docket in the Western District of Texas moves faster." (Dkt. No. 43 at 3.) In support of this assertion, they cite judicial caseload profile reports from the www.uscourts.gov website. (*Id.*) Those reports, however, do not support Defendants' assertion. Instead, they show that the median time from filing to trial in civil cases is 18.5 months in the Eastern District, and 18.0 months in the Western District. (Thollander Decl., Ex. E.) This two-week difference is negligible, and does not support transfer. *See Novartis*, 2009 U.S. Dist. LEXIS 14656, at *17 (finding this factor neutral where an average difference of six weeks in the time to trial was "negligible").

The two-week difference in the time to trial between the Districts is also misleading, for two reasons. First, the Eastern District handles many more patent cases than the Western District, (*see* Thollander Decl., Ex. E), and therefore has substantial experience and expertise in keeping these complicated cases moving efficiently toward disposition. There is thus good reason to expect that transferring this patent case from the Eastern to the Western District will result in a longer time to trial, not a shorter one. Second, the judicial caseload profile reports show that, due to an expansive criminal docket, the Western District has almost twice as many "actions per judgeship" than the Eastern District—811 to 437. (*See id.*) There is thus good reason, again, to expect that transferring this case from the Eastern to the Western District will lead to more court congestion, not less. *See Sanofi-Aventis Deutschland GmbH v. Genentech, Inc.*, No. 9:08-CV-203-RC, 2009 U.S. Dist. LEXIS 22108, 19-21, at *26 n.11 (E.D. Tex. Mar. 19, 2009) (finding actions per judgeship a "relevant statistic" for these purposes). If anything, therefore, this factor counsels against transfer to the Western District of Texas.

### b) Judicial-economy considerations counsel against transfer.

Defendants' second argument is that considerations of judicial economy favor transfer.[2] (Dkt. No. 43 at 4-5.) In support of this argument, Defendants point to the prior dispute between the parties in the Western District, and cite a number of cases suggesting that "[t]he pendency of related lawsuits in other federal district courts is germane to the transfer question." *Dow Jones & Co. v. Board of Trade*, 539 F. Supp. 190, 193 (S.D.N.Y. 1982).[3] (Dkt. No. 43 at 4-5.) The problem with this argument, however, is that the prior dispute between the parties was settled eight years ago. (Thollander Decl., Ex. A.) There is thus no "pendency" of any related lawsuit, and Defendants' many cases discussing the "significance [of related] actions pending in the transferee courts," *see Can-Base*, 445 F. Supp. at 778; (Dkt. No. 43 at 4), are inapposite.

Versata does agree with Defendants, however, that considerations of judicial economy are important to this motion. But rather than supporting transfer, they counsel strongly against it. For while the prior litigation in the Western District was settled early on, before the court engaged in any substantive review of the patents at issue, more recent litigation in this District has required the Court to closely scrutinize and construe three of the five patents-in-suit. (*See* Thollander Decl., Exs. A-D.) The Court's familiarity with these patents-in-suit "is of particular

---

[2] Defendants present this argument as relating to the localized-interest factor. (Dkt. No. 43 at 3-4.) The Court's opinion in *MHL TEK*, however, indicates that judicial economy is more accurately viewed as a separate factor in the transfer analysis. *See* 2009 U.S. Dist. LEXIS 13676, at *31-32. This brief treats it as such, and addresses the localized-interest factor separately below.

[3] *See also U.S. Ship Mgmt. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 937 (E.D. Va. 2005) ("two related actions already pending"); *Austin v. Johns-Manville Corp.*, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) ("pendency of a related case"); *E. I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981) ("needlessly engage two courts in the simultaneous management of discovery and . . . trial"); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980) ("simultaneously prosecute two [related] actions"); *Can-Base Productions, Ltd. v. Portrait Records*, 445 F. Supp. 777, 778 (S.D.N.Y. 1978) ("[related] actions pending in the transferee court"); *Pesin v. Goldman, Sachs & Co.*, 397 F. Supp. 392, 393 (S.D.N.Y. 1975) ("related claims in the same forum"); *Maxlow v. Leighton*, 325 F. Supp. 913, 915-916 (E.D. Pa. 1971) ("another case pending in the transferee district"). (Dkt. No. 43 at 4-5.)

importance" to this motion, and "may be determinative to [it] even if the parties considerations call[ed] for a different result." *Invitrogen*, 2009 U.S. Dist. LEXIS 9127, at *11-12 (finding significant the fact that one court was familiar "with the technology at issue, having construed three of the six patents at issue"); *see also Eli Lilly*, 119 F.3d at 1565 (holding that, where "several highly technical factual issues are presented," judicial economy favors venue with "a court that has become familiar with the issues"); *MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *33 ("[w]ith two other cases involving the exact same patents before this Court, granting defendants' motion for transfer in the present case would cut against the principles of judicial economy").

Because this Court has substantially more familiarity with the patents-in-suit than any court in the Western District of Texas, considerations of judicial economy counsel strongly against transferring this case.[4] *See Invitrogen*, 2009 U.S. Dist. LEXIS 9127, at *11-12.

### c) The remaining public-interest factors are neutral.

Defendants concede that "both venues are familiar with the patent laws" and that this "case does not pose [conflict-of-law] issues." (Dkt. No. 43 at 5.) Versata agrees that these two factors are neutral. The final, localized-interest factor is also neutral because, in patent cases involving infringement occurring "all over the country"—such as in this case[5]—"no specific

---

[4] Of the many cases Defendants' cite in support of their judicial-economy argument, only one addresses a situation in which the allegedly related case has been decided and is no longer pending—*Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 53 (D.D.C. 2000). (Dkt. No. 43 at 4-5.) Like *Invitrogen*, *MHL TEK*, and *Eli Lilly*, however, *Reiffin* suggests that judicial economy favors venue with a court that has already "considered, and decided" some "identical or closely related" issues. *Reiffin*, 104 F. Supp. 2d at 53. Here, as discussed above, that favored venue is found in the Eastern District, not the Western District. Defendants' only relevant case thus supports Versata's argument, not its own.

[5] As explained in Versata's response to Defendants' motion to dismiss, Versata's claims are related to actions that Defendants have purposefully directed to Texas residents. (Dkt. No. 22 at 4, 8-12.) Defendants' infringement is not limited to Texas, however, as its infringing website reaches the entire country.

venue has a dominant interest in resolving the issue of patent infringement." *J2 Global Communs. Inc. v. Protus IP Solutions, Inc.*, No. 6:08-CV-211-JDL, 2009 U.S. Dist. LEXIS 13210, at *19 (E.D. Tex. Feb. 19, 2009); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (noting that, where nationwide infringement is involved, "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue").

### 2.     The private-interest factors counsel against transfer.

Defendants also offer two private-interest arguments: they allege that the sources-of-proof factor and the cost-of-witnesses factor both favor transferring this case from the Eastern District to the Western District of Texas. (Dkt. No. 43 at 6-9.) Defendants concede, however, that none of their documents, and none of their party or third-party witnesses, are to be found in either venue. (*Id.* at 6, 8.) Instead, both of Defendants' private-interest arguments essentially amount to the assertion that venue in the Western District will be more convenient for Versata, as it is based in that District. (*Id.* at 7, 9.) This assertion is without merit, and does not support Defendants' motion to transfer.

Significantly, Defendants' argument reflects a misunderstanding of the purposes of the transfer provision. As the Fifth Circuit has explained, "[t]he underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen*, 545 F.3d at 313. In other words, while § 1404(a) protects defendants from "abus[ive]" venue choices, it does not prevent plaintiffs from choosing to file in any venue that is not otherwise improper under the statute. *See id.*; *see also*, *e.g.*, *J2 Global*, 2009 U.S. Dist. LEXIS 13210, at *10 ("The statute does not limit venue to the district where a patent holder is located any more than it does to where an alleged infringer is located."). In short, § 1404(a) does not contemplate

8

transfer based solely on a defendant's assertion that the transferee venue will in fact be more convenient for the plaintiff. Indeed, that is why this Court has repeatedly held that a plaintiff has "conceded that this is a convenient forum when it elected to bring suit here." *MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *15-16; *see id.* at *16 ("Therefore, the Court will consider this district more convenient to the plaintiff than the [plaintiff's home venue].").[6]

Just so, Versata conceded that it finds litigation in the Eastern District of Texas highly convenient when it brought this suit. *See id.* Versata has, in fact, filed and litigated a number of patent-infringement suits in this District, including suits against Selectica, Sun, and SAP. *See Trilogy v. Selectica, Inc.*, No. 2:04-CV-00160-TJW (E.D. Tex.), (Thollander Decl., Ex. B); *Versata v. Sun Microsystems, Inc.*, No. 2:06-CV-00358-TJW (E.D. Tex.); *Versata v. SAP Am., Inc.*, No. 2:07-CV-00153-DF-CE (E.D. Tex.). There should thus be no doubt that Versata finds litigation in the Eastern District convenient, and by no means should the Court transfer this case to the Western District on Versata's account. Because litigation in the Eastern District is more convenient for Versata, and not any less convenient than the Western District for Defendants, the private-interest factors also counsel against transferring this case.

### a) The sources-of-proof factor counsels against transfer.

Defendants concede that they "expect that all of [their] documents and electronically stored information are in El Segundo, California, Nova Scotia, Canada, and Troy Michigan."

---

[6] *See also Pulido v. Gen'l Motors Corp.*, No. 2:08-CV-245-TJW, 2008 U.S. Dist. LEXIS 99964, at *7-8 (E.D. Tex. Dec. 11, 2008) ("[Plaintiffs] accepted any potential inconvenience when they elected to bring suit in this forum. Therefore, the Court will consider this division more convenient to the plaintiff."); *Williams v. Toyota Motor Corp.*, No. 2:07-CV-442-TJW, 2008 U.S. Dist. LEXIS 99367, at *8-9 (E.D. Tex. Dec. 9, 2008) (same); *Cummings v. Sunrise Med. HHG, Inc.*, No. 2:07-CV-189-TJW, 2007 U.S. Dist. LEXIS 84961, at *6-7 (E.D. Tex. Nov. 16, 2007) ("The Amarillo Division is more convenient for the plaintiffs, but they chose to bring suit in the Eastern District of Texas."); *VCode Holdings, Inc. v. Cognex Corp.*, No. 2:07-CV-138-LED, 2007 U.S. Dist. LEXIS 56672, at *9 (E.D. Tex. Aug. 3, 2007) ("[S]ince VCode chose to file suit here, the Court assumes this forum is convenient for VCode."); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) ("When a plaintiff chooses her own forum, it is normally reasonable to assume that the choice is convenient.").

9

(Dkt. No. 43 at 6.) They further concede that "these sources of proof are located in places remote to both the Western District of Texas and the Eastern District of Texas." (*Id.* at 6.) Defendants nevertheless argue that the "relative ease of access to sources of proof" favors transferring this case because "the Western District of Texas . . . is plaintiffs' home forum." (*Id.* at 7.) This argument is without merit, and does not support Defendants' transfer motion, for at least three reasons.

First, as discussed above, the argument that Versata will have more convenient access to its own documents provides no basis to transfer this case under § 1404(a). *See MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *15-16; *Pulido*, 2008 U.S. Dist. LEXIS 99964, at *7-8; *Williams*, 2008 U.S. Dist. LEXIS 99367, at *8-9; *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *6-7; *VCode Holdings*, 2007 U.S. Dist. LEXIS 56672, at *9; *Hyatt Int'l*, 302 F.3d at 718.

Second, "[i]n order for this factor to weigh in favor of transfer, the movant must . . . identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties." *J2 Global*, 2009 U.S. Dist. LEXIS 13210, at *7. Arguments that merely "generally refer[] to documents . . . fail to show that transfer would make access to sources of proof either more or less convenient for the parties." *Invitrogen*, 2009 U.S. Dist. LEXIS 9127, at *8. Because Defendants offer only a general reference to "plaintiffs' documents and electronically stored information," this factor cannot weigh in favor of transfer to the Western District. (Dkt. No. 43 at 7.)

Third, Defendants' own case law holds that this factor principally focuses not on "documents and electronically stored information" in the abstract, (*see id.*), but instead on any anticipated "physical evidence," *see Odom v. Microsoft Corp.*, No. 6:08-CV-331-JDL, 2009 U.S. Dist. LEXIS 9835, at *9-10 (E.D. Tex. Jan. 30, 2009). (Dkt. No. 43 at 9.) The only anticipated

10

physical evidence identified by Defendants consists of their own "physical servers, which," they assert, "comprise the relevant proof" in this case. (Dkt. No. 43 at 8.) And based on Defendants' argument, it "is reasonable to expect that" those servers will be found in "El Segundo, California, Nova Scotia, Canada and Troy, Michigan." (*Id.* at 6.) Transferring this case from the Eastern District to the Western District will not result in a venue that is closer to these sources of physical evidence—while the Western District might be marginally closer to El Segundo, it is further from both Nova Scotia and Troy.[7] In these circumstances, this factor counsels against transfer, not for it. *See Novartis*, 2009 U.S. Dist. LEXIS 14656, at *10; *see also Pulido*, 2008 U.S. Dist. LEXIS 99964, at *11-12.

### b)  The cost-of-witnesses factor counsels against transfer.

Defendants concede that the majority of their "likely witnesses . . . reside in Southern California." (Dkt. No. 43 at 8.) Presumably the others reside in Michigan and Canada. (*See id.* at 6.) Nevertheless, Defendants' final argument is that the "cost of attendance for willing witnesses" favors transfer to the Western District of Texas. (*Id.* at 8.) Defendants briefly suggest that venue in the Western District will be more convenient for their own California-based witnesses, but then frankly admit that their "analysis of this factor is centered on the undisputable fact that it will cost less time and money for the plaintiff to attend trial in its home venue." (*Id.* at 9.)

Once again, however, the argument that Versata's home venue will be more convenient for Versata's own witnesses provides no basis to transfer this case under § 1404(a). *See MHL*

---

[7] *See, e.g.*, TRAVEL DISTANCE BETWEEN CITIES, AIRPORTS, AND COUNTRIES, http://www.convertunits.com/distance/ (last visited Apr. 17, 2009) (showing, when relevant cities are entered, that Austin is 157 miles closer to El Segundo than Marshall, but 254 miles further from Nova Scotia, and 247 miles further from Troy). All distances between cities referenced in this section and in the following section were calculated using this website.

*TEK*, 2009 U.S. Dist. LEXIS 13676, at *15-16; *Pulido*, 2008 U.S. Dist. LEXIS 99964, at *7-8; *Williams*, 2008 U.S. Dist. LEXIS 99367, at *8-9; *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *6-7; *VCode Holdings*, 2007 U.S. Dist. LEXIS 56672, at *9; *Hyatt Int'l*, 302 F.3d at 718. Defendants argue that the *Odom* opinion undermines this substantial line of authority, *see* 2009 U.S. Dist. LEXIS 9835, at *14-15; (Dkt. No. 43 at 9), but that decision does not suggest that an action should be transferred to a plaintiff's home venue for the convenience of the plaintiff's own witnesses. To the contrary, the court in *Odom* recognized the standard presumption that the plaintiff will choose a venue it finds convenient. *See* 2009 U.S. Dist. LEXIS 9835, at *15 n.4. The court simply followed other authority in finding that the factor weighed in favor of transfer when "all of the identified witnesses resided in the same geographical area." *Id.* That is not the case here—as Defendants assert, the expected witnesses "are primarily concentrated in three locations," which are "remote to both" of the venues at issue. (Dkt. No. 43 at 9, 6.) *See J2 Global*, 2009 U.S. Dist. LEXIS 13210, at *12 (rejecting argument that this factor favored transfer where case did not "involve parties localized in one general geographic area").

      Defendants' suggestion that the case should be transferred to the Western District of Texas for the convenience of its own California-based witnesses must also be rejected. (*See* Dkt. No. 43 at 8.) As an initial matter, as with the sources-of-proof factor, in order to make out a case on this factor "[t]he moving party must specifically identify key witnesses and outline the substance of their testimony." *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *7 (citation omitted). Defendants do not do so. Instead, they offer again only general references to "likely witnesses," including "corporate officers and executives." (Dkt. No. 43 at 8.) This failure to provide specific evidence prevents them from "clearly demonstrat[ing]" that this factor favors

transfer to the Western District.  *See In re Volkswagen*, 545 F.3d at 314; *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *7.

In addition, an alleged marginal increase in convenience for some of Defendants' own California-based witnesses could not possibly justify transferring this case from one Texas venue to another.  Marginal increases in convenience simply do not justify transfer under the case law. *See MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *13 (applying the "clearly more convenient" standard); *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *6 (asking "whether 'key fact witnesses' will be substantially inconvenienced").  Indeed, this Court has repeatedly rejected arguments from out-of-state defendants that convenience considerations favored transfer from one Texas venue to another.  *See Pulido*, 2008 U.S. Dist. LEXIS 99964, at *8, 11; *Williams*, 2008 U.S. Dist. LEXIS 99367, at *9; *Cummings*, 2007 U.S. Dist. LEXIS 84961, at *6.

Neither does the Fifth Circuit's "100-mile" rule help Defendants.  Under that rule, when the difference between two venues is "more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."  *In re Volkswagen*, 371 F.3d at 204-05.  Here, the additional distance to be traveled by Defendants' nameless El Segundo witnesses is the difference between 1,236 miles (to Austin) and 1,393 miles (to Marshall).  This relatively negligible difference hardly represents a substantial "factor of inconvenience" favoring transfer.  *See In re Volkswagen*, 371 F.3d at 204-05.  Further, Defendants' argument fails to account for their own witnesses residing outside of California.  In particular, their witnesses based in Nova Scotia would have to travel an additional 254 miles, and those based in Troy an additional 247 miles, should this case be transferred from Marshall to Austin.

13

The best Defendants can argue, therefore, is that while neither venue is convenient for any of its witnesses, transfer to the Western District could result in a marginal increase in convenience for some (coming from California), and a marginal decrease in convenience for others (coming from Michigan and Canada). This comes nowhere close to demonstrating that transfer to the Western District is necessary to avoid substantial inconvenience to Defendants' witnesses. Indeed, when the requested transferee district "is not convenient for all witnesses," this factor will not usually weigh in favor of transfer. *J2 Global*, 2009 U.S. Dist. LEXIS 13210, at *11-12; *Sanofi-Aventis*, 2009 U.S. Dist. LEXIS 22108, at *20. That is certainly the case here.

### c) The remaining private-interest factors are neutral.

Defendants concede that the "availability of compulsory process" does not favor transfer, (Dkt. No. 43 at 8), and Versata agrees that this factor is neutral. *See MHL TEK*, 2009 U.S. Dist. LEXIS 13676, at *27. Finally, Defendants offer no additional argument with respect to the consideration of any "other practical problems." (*Id.* at 10.) This factor therefore also cannot favor transfer, and should be considered, at best, neutral in the Court's analysis.

## IV. CONCLUSION

Defendants have failed to demonstrate that the Western District is a clearly more convenient venue for this action than the Eastern District of Texas. With respect to public-interest considerations, the Court's familiarity with three of the patents-in-suit counsels strongly against transfer. And with respect to private-interest considerations, the fact that Defendants are spread across the country and continent in three locations "remote to both" the Eastern District and the Western District of Texas also counsels against transfer. For all of these reasons, Versata respectfully requests that the Court deny Defendants' motion in the alternative to transfer venue. (Dkt. No. 43.)

| | |
|---|---|
| Dated:  April 20, 2009. | RESPECTFULLY SUBMITTED,<br><br>**MCKOOL SMITH, P.C.**<br><br>        /s/ Sam F. Baxter         <br>Sam F. Baxter, Lead Attorney<br>Texas State Bar No. 01938000<br>104 East Houston Street, Suite 300<br>P.O. Box O<br>Marshall, Texas 75670<br>(903) 923-9000 (phone)<br>(903) 923-9099 (fax)<br>sbaxter@mckoolsmith.com<br><br>Mike McKool, Jr.<br>Texas State Bar No. 13732100<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>(214) 978-4000 (phone)<br>(214) 978-4004 (fax)<br>mmckool@mckoolsmith.com<br><br>Peter J. Ayers<br>Texas State Bar No. 24009882<br>payers@mckoolsmith.com<br>Scott L. Cole<br>Texas State Bar No. 00790481<br>scole@mckoolsmith.com<br>Joel L. Thollander<br>Texas State Bar No. 24033384<br>jthollander@mckoolsmith.com<br>Josh W. Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>300 W. 6th Street, Suite 1700<br>Austin, Texas 78701<br>(512) 692-8700 (phone)<br>(512) 692-8744 (fax)<br><br>**ATTORNEYS FOR PLAINTIFFS VERSATA SOFTWARE, INC. AND VERSATA DEVELOPMENT GROUP,  INC.** |

15

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on the 20th day of April, 2009.

                  /s/ Joel L. Thollander