UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., f/k/a TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC. f/k/a TRILOGY DEVELOPMENT GROUP, INC. | § § § § § § | |
| vs. | § § | CASE NO. 2:08-CV-313 |
| INTERNET BRANDS, INC. f/k/a CARSDIRECT.COM, INC.; AUTODATA SOLUTIONS COMPANY; and AUTODATA SOLUTIONS, INC. | § § § § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Before the Court are the defendants Internet Brands, Inc.'s ("Internet Brands") and Autodata Solutions Company's and Autodata Solutions Inc.'s (collectively "Autodata") motion to dismiss (Dkt. No. 19) and motion to transfer venue (Dkt. No. 44). The Court, having considered the motions and the arguments of counsel, hereby **DENIES** the motion to dismiss pursuant to Rules 12(b)(2) & 12(b)(3) and **DENIES** the motion to transfer venue to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a). A *prima facie* showing has been made that this court has personal jurisdiction over the defendants and that venue is proper in the Eastern District of Texas. In addition, the balance of the private and public factors does not demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *See In re Volkswagen of Am., Inc.* (*Volkswagen III*), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA*

*Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

The plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc., and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc., (collectively "Versata") are Delaware corporations and have their principal places of business in Austin, Texas. Internet Brands, Inc., f/k/a CarsDirect.com, Inc., is a Delaware corporation and has its principal place of business in El Segundo, California. Autodata Solutions Company is a Canadian corporation and has its principal places of business in London, Ontario, Canada and Troy, Michigan. Autodata Solutions, Inc. is a Delaware corporation and has its principal place of business in Troy, Michigan.

On August 8, 2008, Versata filed its complaint in the Eastern District of Texas against the defendants, and (1) accused Internet Brands and Autodata of infringing U.S. Patent Nos. 7,130,821 ("the '821 patent"), 5,825,651 ("the '651 patent"), 6,675,294 ("the '294 patent"), and 6,405,308 ("the '308 patent"), breaching their settlement agreement, interfering with an existing contract, and interfering with prospective contractual relations; (2) accused Internet Brands of infringing U.S. Patent No. 7,206,756 ("the '756 patent"); and (3) sought a declaratory judgment that Versata's license revocation and termination is effective. The defendants have moved to dismiss based on lack of personal jurisdiction and improper venue. In addition, the defendants seek to transfer venue.

**III.   Motion to Dismiss**

   **A.   Lack of Personal Jurisdiction**

The defendants have moved to dismiss this case for lack of personal jurisdiction, pursuant to Rule 12(b)(2), and for improper venue, pursuant to Rule 12(b)(3). Internet Brands and Autodata argue that this court lacks personal jurisdiction because the defendants' contacts with Texas are minimal or nonexistent. Versata contends that specific jurisdiction has been established because the defendants have purposefully and expressly directed business activity to Texas. Versata points to the defendants' interactive website, "CarsDirect.com," which allows customers, including residents of this district, to compare and price locally available vehicles; this website is alleged to infringe Versata's patents. In response, the defendants argue that their website is passive and is not directed toward Texas consumers.

Case law demonstrates that operation of an interactive website similar to the defendants' is sufficient to establish personal jurisdiction over out-of-state defendants. *See Seoul Semiconductor Co. v. Nichia Corp.*, 2008 WL 4252444, at *1 (E.D. Tex. Sept. 10, 2008) ("The website is more than just a passive site and provides sufficient interactivity to satisfy the minimum contacts requirement."); *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). Thus, Versata has made a *prima facie* showing that the exercise of personal jurisdiction over Internet Brands and Autodata is appropriate. The defendants have not established that the exercise of jurisdiction over them would offend traditional notions of fair play and substantial justice, so the motion to dismiss for lack of personal jurisdiction is denied. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-477 (1985).

### B. Improper Venue

The defendants also seek dismissal because the Eastern District of Texas is an improper venue. Internet Brands and Autodata argue that they have no "regular and established place of business" in this district, as required by the venue statute 28 U.S.C. § 1400(b). The Federal Circuit, however, holds that "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005). The court has determined that personal jurisdiction is proper; therefore, the defendants' motion to dismiss for lack of venue is also denied.

## IV. Motion to Transfer Venue

Internet Brands and Autodata have moved to transfer venue to the Western District of Texas pursuant to 28 U.S.C. § 1404(a). The defendants contend that transfer is warranted because the Western District of Texas is "clearly more convenient" than the Eastern District of Texas.

### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the

movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof is the first factor to consider. Versata resides in Austin, Texas, which is within the Western District of Texas. The defendants' sources of proof are located in El Segundo, California, Nova Scotia, Canada, and Troy, Michigan. No sources of proof appear to be in the Eastern District of Texas.

The court finds that the Eastern District of Texas and the Western District of Texas are both convenient venues when considering all sources of proof. Transfer to the Western District of Texas would provide easier access to Versata's physical evidence located in Austin, Texas. For the defendants' sources of proof, any improvement in ease of access after transfer would be negligible. The physical evidence in California is slightly closer to Austin than Marshall, but the evidence in Michigan and Nova Scotia is slightly closer to Marshall than Austin.

Because the defendants' sources of proof are widely distributed and located far away from the proposed venue, this case is distinguishable from *Volkswagen II* and *In re TS Tech*. In *Volkswagen II*, all of the physical evidence was located within the proposed transferee venue. *Volkswagen II*, 545 F.3d 304 (5th Cir. 2008). Similarly in *TS Tech*, all of the sources of proof were located within 300 miles of the proposed transferee district, the Southern District of Ohio, and the original venue, the Eastern District of Texas, was about 900 additional miles away. *In re TS Tech Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008). In these two cases, access to the physical evidence was clearly more convenient in the proposed transferee venue.

In contrast to *Volkswagen II* and *In re TS Tech*, the defendants' physical evidence in this case is widely scattered, and the defendants have shown no significant increase in convenience from a transfer to the Western District of Texas. Accordingly, this factor is neutral.

        2.    *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse.

*Volkswagen II*, 545 F.3d at 316. Both parties contend, and the court agrees, that this factor is neutral.

### 3. Cost of Attendance for Willing Witnesses

Next, the court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Western District of Texas. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d 201, 205 (5th Cir. 2004).

The issues here are similar to those discussed above in ease of access to sources of proof. Like the defendants' sources of proof, their witnesses are located in California, Nova Scotia, and Michigan. Internet Brands and Autodata have not shown that a significant reduction in travel costs would be achieved by moving this case approximately 250 miles to Austin, Texas.

Again this situation is distinguishable from both *Volkswagen II* and *In re TS Tech*. In *Volkswagen II*, every identified witness resided in Dallas, within the transferee district. *Volkswagen II*, 545 F.3d 304, 317 (5th Cir. 2008). In *TS Tech*, all of the identified witnesses were located within 300 miles of the transferee court, while the transferor court was an additional 900 miles away. *In re TS Tech*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Because the difference in cost of attendance between the Eastern District of Texas and the Western District of Texas is insignificant, this factor is neutral.

*4.     Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). The Federal Circuit has held that the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

Internet Brands and Autodata argue that judicial economy favors transfer to the Western District of Texas, because the parties previously litigated in that district, and the breach of settlement claim arises from the settlement reached in that litigation. Thus, the defendants argue, the Western District of Texas has greater familiarity than the Eastern District of Texas with the issues in this case. Versata responds that the prior Western District of Texas case occurred eight years ago and settled early, before any substantive review of the patents-in-suit; therefore, the Western District of Texas has little familiarity with the technical issues at hand. In contrast, according to Versata, the Eastern District of Texas is highly familiar with the technical issues in this case, because the court has previously construed three of the five patents-in-suit. *See generally Trilogy Software, Inc. v. Selectica, Inc.*, 405 F. Supp. 2d 731 (E.D. Tex. 2005) (construing the '651, '308, and '294 patents).

Considering the parties' arguments, both this district and the Western District of Texas have familiarity with the patents and/or the parties. As such, this factor is neutral.

### C. Public Interest Factors

#### 1. Court Congestion

The court may consider how quickly a case will come to trial and be resolved. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* The plaintiff and the defendants offer conflicting statistics regarding the relative docket congestion and time to trial in the Eastern District of Texas versus the Western District of Texas. Therefore, this factor is speculative, and the court finds it is neutral.

#### 2. Local Interest

The court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d 201, 206 (5th Cir. 2004). Interests that "could apply virtually to any judicially district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d 304, 318 (5th Cir. 2008); *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

The defendants assert that the Western District of Texas has a local interest in hearing this case because Versata is located within that district; in contrast, none of the parties have offices in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321 (noting that none of the parties had an office in the Eastern District of Texas, so this district lacked a local interest). Thus, the Western District of Texas's local interest in this dispute favors transfer.

### 3. Familiarity with the Governing Law

Both the Western District of Texas and the Eastern District of Texas are familiar with federal patent law, so this factor is neutral.

### 4. Avoidance of Conflict of Laws

No conflict of laws issues are expected in this case, so this factor does not apply.

**D.     Conclusion**

Considering all of the private and public interest factors, the defendants have not met their burden of showing that the Western District of Texas is clearly more convenient than the Eastern District of Texas. Therefore, the motion to transfer venue is denied.

SIGNED this 30th day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE