IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., *f/k/a* TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., *f/k/a* TRILOGY DEVELOPMENT GROUP, INC. <br><br> Plaintiffs, <br><br> v. <br><br> INTERNET BRANDS, INC., *f/k/a* CARSDIRECT.COM, INC., AUTODATA SOLUTIONS COMPANY, and AUTODATA SOLUTIONS, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION No. 2:08-cv-313-WCB |

## SPECIAL VERDICT FORM

## I. VERSATA'S CLAIMS AND DAMAGES

### A. PATENT INFRINGEMENT

**Question No. 1.**

(a) Do you find that Versata has proved by a preponderance of the evidence that Autodata directly or indirectly infringed the following claims of U.S. Patent No. 7,130,821 (the '821 patent)?

Answer "yes" or "no" for each claim:

| | | | |
|---|---|---|---|
| Claim 1 | NO | Claim 18 | NO |
| Claim 10 | NO | Claim 19 | NO |
| Claim 13 | NO | Claim 20 | NO |
| Claim 14 | NO | Claim 22 | NO |
| Claim 17 | NO | Claim 23 | NO |

(b) Do you find that Autodata has proved by clear and convincing evidence that any of the following claims of the '821 patent are invalid as anticipated by prior art?

Answer "yes" or "no" for each claim:

| | | | |
|---|---|---|---|
| Claim 1 | yes | Claim 18 | yes |
| Claim 10 | yes | Claim 19 | yes |
| Claim 13 | yes | Claim 20 | yes |
| Claim 14 | yes | Claim 22 | yes |
| Claim 17 | yes | Claim 23 | yes |

(c)　Do you find that Autodata has proved by clear and convincing evidence that any of the following claims of the '821 patent are invalid due to obviousness?

Answer "yes" or "no" for each claim:

| | | | |
|---|---|---|---|
| Claim 1 | yes | Claim 18 | yes |
| Claim 10 | yes | Claim 19 | yes |
| Claim 13 | yes | Claim 20 | yes |
| Claim 14 | yes | Claim 22 | yes |
| Claim 17 | yes | Claim 23 | yes |

(d)　If you answered "yes" to any claim in response to Question No. 1(a) and "no" to the same claim in response to Question No. 1(b) <u>and</u> Question No. 1(c), what sum of money, if paid now in cash, would fairly and adequately compensate Versata as a reasonable royalty for Autodata's infringement of the '821 patent?

Answer in dollars.

Answer: $ 0.00 .

## B. BREACH OF CONTRACT AND TORTIOUS INTERFERENCE

**Question No. 2.**

Do you find that Versata has proved by preponderance of the evidence that Autodata failed to comply with the Settlement Agreement of 2001?

Answer "yes" or "no."

Answer: __No__

**Question No. 3.**

    (a)    Do you find that Versata has proved by preponderance of the evidence there was a reasonable probability that it would have entered into a contractual or business relation with Chrysler?

Answer "yes" or "no."

Answer: _____NO_____

    (b)    If you answered "yes" to Question No. 3(a), do you find that Versata has proved by preponderance of the evidence that Autodata intentionally interfered with Versata's prospective contractual relations with Chrysler?

Answer "yes" or "no."

Answer: _____

    (c)    If you answered "yes" to Question No. 3(b), do you find that but for this intentional interference, Versata would have entered into a contract with Chrysler for website services in 2008?

Answer "yes" or "no."

Answer: _____

    (d)    If you answered "yes" to Question No. 3(c), do you find that Autodata was legally justified to intentionally interfere?

Answer "yes" or "no."

Answer: _____

**If you answered "yes" to Question No. 2 then answer Question No. 4. Alternatively if you answered "yes" to Question Nos. 3(a), 3(b), 3(c) and "no" to Question No. 3(d), then answer Question No. 4. Otherwise, do not answer Question No. 4 and proceed directly to Question No. 6.**

**Question No. 4.**

What sum of money, if any, paid now in cash, would reasonably and fairly compensate Versata for its lost profits damages arising from Autodata's failure to comply with the Settlement Agreement of 2001 and/or Autodata's intentional interference with Versata's prospective relations with Chrysler?

Answer in dollars.

Answer: $ _____N/A_____.

**If you answered "yes" to Question Nos. 3(a), 3(b), 3(c) and answered "no" to Question No. 3(d), then answer Question No. 5. Otherwise, do not answer Question No. 5 and proceed directly to Question No. 6.**

**Question No. 5.**

    (a)    If you found that Autodata tortiously interfered with Versata's prospective relations with Chrysler by answering "yes" to Question Nos. 3(a), 3(b), and 3(c) and "no" to Question No. 3(d), do you find by clear and convincing evidence that the harm to Versata from Autodata's tortious interference was the result of malice, fraud, or gross negligence attributable to Autodata?

    Answer "yes" or "no."

    Answer: _____N/A_____

    (b)    If you answered "yes" to Question No. 5(a), what sum of money, if any, if paid now in cash, should be assessed against Autodata and awarded to Versata as exemplary damages for Autodata's tortious interference?

Answer in dollars.

Answer: $ _____N/A_____.

7

## II. AUTODATA'S CLAIMS AND DAMAGES

### A. MISAPPROPRIATION OF TRADE SECRETS

**Question No. 6.**

(a) Do you find that Autodata has proved by preponderance of the evidence that any capability described by Autodata as a "trade secret" is a formula, pattern, device, or compilation of information that Autodata uses and that gives Autodata an advantage over competitors who do not know or use it?

Answer "yes" or "no."

Answer: _yes_

(b) Do you find that Autodata has proved by a preponderance of the evidence that this capability (or capabilities) was (or were) not a matter of general knowledge in the industry?

Answer "yes" or "no."

Answer: _yes_

(c) Do you find that Autodata has proved by a preponderance of the evidence that Autodata took reasonable precautions to protect the alleged trade secret(s)?

Answer "yes" or "no."

Answer: _yes_

8

**If you answered "yes" to Question Nos. 6(a), 6(b), and 6(c), then answer Question No. 7. Otherwise, do not answer Question No. 7.**

**Question No. 7.**

(a) Do you find that Autodata has proved by a preponderance of the evidence that Versata misappropriated Autodata's alleged trade secret(s) in applications and components provided to Toyota in 1998?

Answer "yes" or "no."

Answer: _yes_

(b) If you answered "yes" to Question No. 7(a), how much of Versata's profits from the Toyota contracts, if any, are attributable to Autodata's trade secret(s)?

Answer in dollars.

Answer: $_2,000,000.00_

## B. BREACH OF CONTRACT

**Question No. 8.**

(a) Do you find that Autodata has proved by preponderance of the evidence that Versata failed to comply with either the 1997 Confidentiality Agreement or the 1998 Master Services Agreement?

Answer "yes" or "no."

Answer: _yes_

(b) If you answered "yes" to Question No. 8(a), what sum of money, if any, paid now in cash, would reasonably and fairly compensate Autodata for its lost profits damages arising from Versata's failure to comply with the 1997 Confidentiality Agreement or the 1998 Master Services Agreement? You may award "$1" if you find that Autodata has failed to present proof of actual damages.

Answer in dollars.

Answer: $ _1.00_

Signed the _15TH_ day of _June_, 2012.

_____
Presiding Juror