**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., *f/k/a* | § | |
| TRILOGY SOFTWARE, INC.; and | § | |
| VERSATA DEVELOPMENT GROUP, INC., | § | |
| *f/k/a* TRILOGY DEVELOPMENT GROUP, | § | |
| INC. | § | |
| | § | CIVIL ACTION No. 2:08-cv-313-WCB |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| INTERNET BRANDS, INC., *f/k/a* | § | |
| CARSDIRECT.COM, INC., | § | |
| AUTODATA SOLUTIONS COMPANY, | § | |
| and AUTODATA SOLUTIONS, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER**

During trial held the week of June 11th, 2012, the Court, over objection by the plaintiffs (referred to as "Versata"), permitted the defendants (referred to as "Autodata") to include a counterclaim for nominal damages stemming from an alleged breach of contract by the plaintiffs. This order is intended to explain the basis for that ruling.

**I.      Background**

The contracts that are the subjects of Autodata's breach counterclaim are the 1997 Confidentiality Agreement and the 1998 Master Services Agreement (MSA), both of which the parties entered into during a brief period of collaboration. Those agreements provided that any information the parties designated as proprietary and confidential would be maintained as such, to be used only in ways authorized by the agreements and for no other purpose. After their

relationship soured, Versata allegedly disclosed Autodata's confidential information to Toyota Motor Corporation and the United States Patent & Trademark Office in a patent application.

At the jury charge conference, Versata objected to the inclusion of a sentence which summarized Autodata's allegation.[1]  Trial Tr. (June 15, AM session) 18.  The gravamen of the objection was that the only remedy Autodata ever sought for this alleged disclosure was an assignment of one of Versata's patents, a claim that was excluded on summary judgment and is not pertinent here.  Versata therefore argued that Autodata "can't recover for this alleged breach since . . . it has no remedy and no expert testimony on damages."  Id.  Autodata responded that it should be allowed to recover nominal damages in the amount of one dollar if it were able to prove injury or loss, citing MBM Financial Corp. v Woodlands Operating Co., 292 S.W.3d 660 (Tex. 2009), in support of that proposition.  Trial Tr. (June 15, AM session) at 18-19.  Versata objected to the inclusion of nominal damages on the grounds that Autodata "has never sought nominal damages" in its pleadings, in the proposed pretrial order, or in its proposed verdict form. Id. at 113, 116.  Autodata countered that it "can submit a question for damages and ask the jury for nominal damages if they cannot determine the value or the harm they believe that we have suffered as a result of the breach."  Id. at 117.  The Court took the matter under advisement, but noted that it "always regarded a request for compensatory damages as encompassing a request for nominal damages in the event that the proof of compensatory damages should fail."  Id. at 119.

---

[1]    The sentence in question stated that "Autodata alleges that Versata breached the 1997 Confidentiality Agreement and the 1998 Master Services Agreement by using Autodata's technology or disclosing it to the U.S. Patent Office and the public."  See Court's Proposed Jury Instructions Sent to Counsel on June 14, 2012 (Dkt. No. 290) at 18.  The proposed instructions did not contain a description of nominal damages.

At a subsequent point in the charge conference, Versata reiterated its objection to the inclusion of a reference to nominal damages in the Court's proposed charge, pointing out that Autodata was seeking an award of nominal damages not for the dollar amount but because under Texas law, Autodata would be unable to "seek attorney fees if it can't recover any damages." Trial Tr. (June 15, AM session) 163.  Versata's argument then shifted to addressing the question whether Autodata should be entitled to attorneys' fees, a question Versata claimed should be answered in the negative.  Versata asserted that under Intercontinental Group Partnership v. KB Home Lone Star L.P., 295 S.W.3d 650 (Tex. 2009), decided the same day as MBM Financial, Autodata would not be entitled to attorneys' fees because such fees can only be recovered if the prevailing party obtains something of value and nominal damages were "nothing of value."  Trial Tr. (June 15, AM session) 164.

After consideration of Versata's objection, the Court retained the sentence to which Versata objected but added an explanation of nominal damages.  The explanation stated that "If you [the jury] find that the injured party failed to present adequate proof of actual damages, you may award that party nominal damages in the amount of one dollar if that party has proved that a contract was formed and breached."  See Final Version Jury Instructions (Dkt. No. 306), at 18. Versata renewed its objection to the original sentence, see supra note 1, and for similar reasons objected to the new explanation as well.  See Trial Tr. (June 15, PM session) 2-3.[2]  The Court overruled Versata's objections, noting that the language in the instructions was taken from

---

[2]  Versata also argued that if the explanatory sentence were to stay in the instructions, it wanted the language to be specific to Autodata; i.e., that it should have read "If you find that AutoData failed to present adequate proof of actual damages, you may award AutoData nominal damages in the amount of $1, if AutoData has proved that a contract was formed and breached." See Trial Tr. (June 15, PM session) 3.  The Court explained that it preferred the more generic language.

Southwest Airlines Co. v. BoardFirst, L.L.C., 3:06-cv-0891, 2007 WL 4823761, at *10 (N.D. Tex. Sept. 12, 2007), a case cited to the Court by Versata.

## II.     Discussion

Under Texas law, damages are one of the essential elements of a breach of contract action.  See, e.g., Simien v. Unifund CCR Partners, 321 S.W.3d 235, 247 (Tex. App. 2010); Petras v. Criswell, 248 S.W.3d 471, 477 (Tex. App. 2008).   However, Texas law recognizes the availability of nominal damages: where "the contract is proven to be broken, the law would give some damage, sufficient to authorize a verdict for the plaintiff, although, in the absence of proof of special loss, the damages would be nominal only."  See MBM Fin., 292 S.W.3d at 664 & n.6 (collecting cases and explaining that "nominal damages are available for breach of contract, as this Court has stated at least a dozen times").

The exception to the general availability of nominal damages is that they are not available "when the harm is entirely economic and subject to proof."  MBM Fin., 292 S.W.3d at 665; see Intercont'l Grp., 295 S.W.3d at 660 ("[A] breach-of-contract plaintiff who seeks nothing beyond economic damages cannot receive a judgment based on breach alone."); Gulf Coast Inv. Corp. v. Rothman, 506 S.W.2d 856, 858 (Tex. 1974) (rejecting award of nominal damages because plaintiff had actual damages yet failed to prove the amount).  That exception, however, is not applicable to the case at hand.  First, Versata's argument was that Autodata never properly pleaded nominal damages, not that Autodata had sustained a quantifiable loss that it was unable to prove.

More importantly, the type of injury alleged by Autodata (disclosure of confidential material) is not a harm that is always entirely economic and subject to proof.  Although some disclosures of confidential materials lend themselves to quantifiable harm—as is the case with

4

Autodata's claim that Versata used its confidential trade secrets to win the business of Toyota—other types of disclosures are not so easily put into dollars.  That is the case with the confidential disclosures that were the basis of the breach of contract here.

Nominal damages are made available in situations in which a legal injury is suffered yet "there is no substantial loss or injury to be compensated."  See MBM Fin., 292 S.W.3d at 665 n.19.  That principle applies to contract actions.  See Restatement (Second) of Contracts § 346(2) ("If the breach caused no loss or if the amount of the loss is not proved under the rules stated in this Chapter, a small sum fixed without regard to the amount of loss will be awarded as nominal damages."); see also MBM Fin., 292 S.W.3d at 665 n.21 (noting availability of nominal damages in actions as varied as trespass, reputational loss, and denial of procedural due process).  Here, the jury could have found that Versata's disclosure of Autodata's confidential information in violation of the confidentiality agreements constituted a legal injury to Autodata.  There was, however, no substantial monetary loss to be compensated because that information was never used by Versata—or anyone else—to gain a competitive advantage over Autodata.  That is why Autodata sought nominal damages.  See Intercont'l Grp., 295 S.W.3d at 660 (focusing on money damages because the plaintiff "focused on money damages" and explaining that had the plaintiff pursued nominal damages "that would be another case"); see also Sw. Battery Corp. v. Owen, 115 S.W.2d 1097, 1099 (Tex. 1938) ("A party who breaks his contract cannot escape liability because it is impossible to state or prove a perfect measure of damages.").  Therefore Autodata was entitled to ask for nominal damages with respect to its breach of contract claim, even though it had suffered no actual economic loss from the disclosure.

The fact that Autodata did not specifically plead nominal damages in its counterclaim is of no moment.  The Supreme Court of Texas has explained that a "contractual obligation where

mere proof of the making and breach fully proved plaintiff's cause of action" would entitle the plaintiff "to recover at least nominal damages."  Lubbock Mfg. Co. v. Sames, 598 S.W.2d 234, 237 (Tex. 1980); Wright v. Couch, 54 S.W.2d 207, 210 (Tex. Civ. App. 1932) (allegations of a contract obligation are sufficient to state a cause of action for at least nominal damages); see also Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 833 (Tex. App. 2000) (failure to plead nominal damages not fatal to award of such damages in a trespass action).

For the foregoing reasons, the Court confirms its prior ruling that the inclusion of nominal damages in the jury instructions and the verdict form was proper.[3]

SIGNED this 30th day of July, 2012.


WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

---

[3] The Court makes no determination at this time about the prevailing party's entitlement to attorneys' fees under Texas law.